Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50382 | **DATE** | 3/21/2003 |
| **CASE TITLE** | Young vs. Winnebago County, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant Villaverde's motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant Villaverde's motion for summary judgment is granted. Counts III and IV against this defendant are dismissed with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | MAR 21 2003 | 50 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 3-21-03 | |
| | | date mailed notice | |
| /LC | courtroom deputy's initials | | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

In a four-count amended complaint, plaintiff, Christopher E. Young, has sued defendants, the County of Winnebago ("County"), the Winnebago County Sheriff's Department, Richard Meyers, in his official capacity as the Sheriff of Winnebago County, Brian Klus, Robert Haenitsch, and Raymond Villaverde, for injuries he suffered while a pretrial detainee in the Winnebago County Jail ("Jail") when another inmate in his cell block assaulted him. Relevant to this order are Counts III and IV brought against Villaverde in his individual capacity as a physician's assistant at the Jail. Count III is brought under 42 U.S.C. § 1983 and alleges Villaverde was deliberately indifferent to Young's serious medical needs when he was taken to the infirmary after the assault; Count IV is a state law claim against Klus, Haenitsch, and Villaverde for intentional infliction of emotional distress ("IIED") based on the same facts. Jurisdiction and venue are proper under 28 U.S.C. §§ 1331, 1367, 1391. Before the court is Villaverde's motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56.

From what the court can make of Young's amended complaint and cursory two-page memorandum in response to Villaverde's motion for summary judgment, the sole basis for his claims against Villaverde is his treatment of a small cut underneath Young's chin. These claims, however, can be dismissed without much discussion. First, as to Young's § 1983 claim, by no stretch can the cut be considered a "serious medical need," see Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001) (first prong of pretrial detainee's deliberate indifference claim under § 1983 is to show he suffered from an "objectively serious injury or medical need"), as Young cannot dispute it was a superficial laceration, no more than three-quarters of a centimeter long, with minimal bleeding, and producing a scar no bigger than the tip of Young's pinky finger, which cannot even be seen unless he tilts his head back. (LR 56.1(a) ¶¶17, 40) At the same time, there is absolutely no evidence that Villaverde was deliberately indifferent to Young's cut —that he was subjectively aware of Young's serious medical needs and "disregarded an excessive risk that a lack of treatment posed" to Young's health. Perkins v. Lawson, 312 F.3d 872, 876 (7th Cir. 2002) (internal quotations and citations omitted). To the contrary, the evidence is again undisputed Villaverde treated Young for his wounds, including the cut under his chin, prescribed a course of treatment for him, and saw him the next day, during which time he again examined Young, cleaned and dressed the wound, and recommended he see a dentist for some loose teeth. (LR 56.1(a) ¶¶ 18, 33-34) Far from exhibiting deliberate indifference, Villaverde attended to all of Young's medical needs. He may not have done so in the way Young wanted or believed was appropriate (Young insisted the cut needed stitches and a referral to an outside medical facility; instead, Villaverde treated it with a "steri strip," which he recommended be changed once a day for three days), but a mere disagreement with a prescribed course of treatment does not amount to deliberate indifference. See Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996), cert. denied, 519 U.S. 1126 (1997). For the same reasons, the court dismisses the IIED claim against Villaverde.

For the reasons stated above, Villaverde's motion for summary judgment is granted. Counts III and IV against this defendant are dismissed with prejudice.