Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50382 | **DATE** | 3/21/2003 |
| **CASE TITLE** | Young vs. Winnebago County, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

County defendant's motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the County defendants' motion for summary judgment is granted. Counts I, II, and IV against these defendants are dismissed with prejudice. In conjunction with the other Memorandum Opinion and Order entered today granting defendant Villaverde's motion for summary judgment, this case is dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | MAR 21 2003 | 51 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| X | Mail AO 450 form. | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | 3-21-03 date mailed notice | |
| /LC | courtroom deputy's initials | SW mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

# MEMORANDUM OPINION AND ORDER

In a four-count amended complaint, plaintiff, Christopher E. Young, has sued defendants, the County of Winnebago ("County"), the Winnebago County Sheriff's Department and Richard Meyers, in his official capacity as the Sheriff of Winnebago County (collectively referred to as the "Sheriff"), Brian Klus, Robert Haenitsch, and Raymond Villaverde, for injuries he suffered while a pretrial detainee in the Winnebago County Jail ("Jail") when another inmate in his cell block assaulted him. Relevant to this order are Counts I, II, and IV. Counts I and II are brought under 42 U.S.C. § 1983, with Count I alleging Klus and Haenitsch, in their individual capacities as correctional officers at the Jail, were deliberately indifferent by failing to protect Young from the assault and Count II alleging the County and Sheriff had a policy or custom of inadequately training and supervising correctional officers like Klus and Haenitsch; Count IV is a state law claim against Klus, Haenitsch, and Villaverde for intentional infliction of emotional distress ("IIED") based on the same facts. Jurisdiction and venue are proper under 28 U.S.C. §§ 1331, 1367, 1391. Before the court is a joint motion for summary judgment by the County, the Sheriff, Klus, and Haenitsch (collectively referred to as the "County defendants"), filed pursuant to Federal Rule of Civil Procedure 56.

To sustain his deliberate indifference claim against Haenitsch and Klus in Count I, Young must show (1) the danger of him being assaulted posed a "substantial risk of serious harm" (of which there really is no doubt) and (2) the officers were deliberately indifferent to that danger. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Langston v. Peters, 100 F.3d 1235, 1237 (7th Cir. 1996). Under the second prong, ordinary negligence is not enough; instead, Young must show the officers had actual knowledge of but disregarded an excessive risk to his health or safety. See Farmer, 511 U.S. at 837; Washington v. LaPorte County Sheriff's Dep't, 306 F.3d 515, 518 (7th Cir. 2002). Nevertheless, "prison officials who actually knew of a substantial risk to inmate health or safety are free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted, because in that case it cannot be said that they were deliberately indifferent." Peate v. McCann, 294 F.3d 879, 882 (7th Cir. 2002).

Viewing the facts and drawing all reasonable inferences in Young's favor, the details of the assault are as follows.[1] Sometime on September 28, 2000, Young was returned to his cell block after taking a shower in the observation unit, although it is unclear whether he was escorted by just Haenitsch or Haenitsch and Klus together. (LR 56.1(a) ¶ 28) Before actually entering the cell block, a prisoner is required to pass through a "sally port" or cage. The doors to the sally port, as well as to the cells themselves within that cell block, are controlled from inside the control room. The control room is immediately adjacent to the sally port and runs the length of the cell block, which is roughly U-shaped. The glass surrounding the control room is approximately three-quarters of an inch thick, making it virtually sound proof. (Id. ¶¶ 15-16) While Haenitsch stood with Young outside the sally port, Klus opened the outside door to the sally port from within the control room. Young then walked inside the sally port and the outside door closed. (Id. ¶ 29)

Shortly before this, however, Ivery Washington, another inmate in Young's cell block with whom Young had a confrontation the day before, managed to escape from his cell so he could attack Young. (Id. ¶¶ 18, 27) Then, around the same time Young was locked in the sally port, Klus noticed Washington was outside of his cell.[2] While Klus was telling Washington to get back into his cell, which was located directly across from the sally port, he simultaneously began to open the inner sally port door to let Young in. (Id. ¶¶ 31-33; LR 56.1(b) ¶¶ 7, 9) Seeing his opportunity, Washington went for Young and attacked him. (LR 56.1(a) ¶ 35)

Even under Young's preferred version of events, the court does not see how a reasonable jury could find Haenitsch was deliberately indifferent. Oddly enough, Young testified in his deposition that Haenitsch left immediately after securing Young in the sally port and did not even see Washington before leaving. (Id. ¶¶ 30, 37) In response to the motion for summary judgment, however, Young seemingly discredits his own testimony and relies instead on Haenitsch's deposition testimony to show Haenitsch heard Young and Washington "trash talk" after Young was locked inside the sally port. (LR 56.1(b) ¶ 3) But even assuming Haenitsch was there to hear the "trash talk," Young has not presented any evidence that Haenitsch could have done anything to stop the assault. Most importantly, it is undisputed it was Klus who was in the control room and who opened the inner sally port door. Haenitsch, on the other hand, was not in the control room when the inner door began opening and had no way to either stop it or open the outer door to let Young out. What's more, Haenitsch further testified (on the same page of his deposition that Young relies on) that as soon as he saw the two inmates trash talking, he went inside the control room to tell Klus not to open the inner sally port door. Unfortunately, he was too late as Klus had already started opening the door. (Def. Exh., Haenitsch dep., p. 92) Thus, aside from Young's unfounded speculation that Haenitsch conspired with Klus and Washington to set him up, there is simply no evidence that Haenitsch was deliberately indifferent to Young's safety.

The court also finds Klus is entitled to summary judgment. Although Klus was likely negligent and perhaps even grossly negligent for opening the inner sally port door before making sure Washington was fully secured inside his cell, this does not amount to deliberate indifference. See Washington, 306 F.3d at 518. To the contrary, Young himself cites Klus' deposition testimony that he (Klus) did not hear Young and Washington yelling at each other until *after* he had already begun opening the inner sally port door. (LR 56.1(b) ¶ 10) That, Klus testified, is when he "realized it was going to be a problem," so he tried to close the inner sally port door. (Id.) He was not able to do so, though, because the inmates were blocking the doorway. (LR 56.1(a) ¶ 33) Klus also was not able to open the outer sally port door because both doors to the sally port cannot be open at the same time. (Id. ¶ 16) So after he radioed for assistance, Klus sprayed mace into the sally port to break up the fight. (Id. ¶ 38) Thus, because it is undisputed Klus immediately tried to prevent the assault as soon as he realized what was happening, and then responded promptly and reasonably to break it up after it started, the court finds he was not deliberately indifferent.

For the same reasons discussed above, the court also dismisses the IIED claim against Klus and Haenitsch. Finally, because the court has found these two officers are not liable for the underlying substantive deliberate indifference claim, Young's Monell claim against the County and the Sheriff falls by the wayside. See Tesch v. County of Green Lake, 157 F.3d 465, 477 (7th Cir. 1998).

For the reasons stated above, the County defendants' motion for summary judgment is granted. Counts I, II, and IV against these defendants are dismissed with prejudice.

---

[1] To be clear, though, the court has considered only those facts included in the parties' LR 56.1 statements of facts. In other words, it has disregarded any facts mentioned or evidence submitted by the parties that are not outlined in their LR 56.1 statements. See Bennett v. Roberts, 295 F.3d 687, 695 n.7 (7th Cir. 2002).

[2] Although Klus denies he recognized the inmate as Washington and claims he did not learn who it was until afterwards (LR 56.1(a) ¶ 33), the court finds the fact that it was Klus who witnessed the confrontation between Washington and Young the day before and wrote up a report about the incident supports a reasonable inference that Klus knew it was Washington at the time. (LR 56.1(a) ¶ 18)

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Christopher E. Young

v.

Sheriff Meyers, et al.

**JUDGMENT IN A CIVIL CASE**

Case Number: 00 C 50382

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant Villaverde's motion for summary judgment is granted. Counts III and IV against this defendant are dismissed with prejudice.

The County defendants' motion for summary judgment is granted. Counts I, II, and IV against these defendants are dismissed with prejudice.

This case is dismissed in its entirety.

All orders in this case are now final and appealable.

Michael W. Dobbins, Clerk of Court

Date: 3/21/2003

Susan M. Wessman, Deputy Clerk